DCL:MMO
F. # 2018R01075

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

         - against -                    CR 18-607 (Azrack, J.)

ENAYATULLAH KHWAJA,
      Also known as "Nat,"
ABDULRAHMAN KHWAJA,
RANA RAHIMI,
SHIKEBA RHAMATZADA,
ROBERTO SAENZ,
MAYNOR MELENDEZ-MENDOZA
And NASEEM BOKHARI,
      Also known as "Sammy,"

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANTS ABDULRAHMAN KHWAJA'S AND SHIKEBA
RHAMATZADA'S MOTION TO VACATE SEIZURE WARRANTS IN
<u>WHOLE OR IN PART AND FOR RETURN OF PROPERTY</u>**

                                              RICHARD P. DONOGHUE
                                              UNITED STATES ATTORNEY
                                              Eastern District of New York
                                              610 Federal Plaza
                                              Central Islip, New York 11722

*Of Counsel:*

MADELINE O'CONNOR
Assistant United States Attorney

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii-iii

PRELIMINARY STATEMENT ............................................................................................ 1

PROCEDURAL BACKGROUND.......................................................................................... 1

ARGUMENT............................................................................................................................ 4

    POINT I.  DEFENDANTS FAIL TO ASSERT A LEGITIMATE LEGAL
                  BASIS FOR THE VACATUR OF THE WARRANTS OR FOR
                  THE RETURN OF THE SEIZED FUNDS ………………………………………4

              A.  Rule 41(g)……………………………………………………………..4

              B.  The Eighth Amendment …………………………………………....5

    POINT II.  DEFENDANTS IGNORE THE FACT THAT PROBABLE CAUSE
                  FINDINGS WERE ALREADY MADE BY MAGISTRATE JUDGES ............... 6

    POINT III. THE GOVERNMENT IS NOT REQUIRED TO OBTAIN SEIZURE
                  WARRANTS FOR FORFEITABLE PROPERTY THAT IS BEING
                  HELD PURSUANT TO SEARCH AND SEIZURE WARRANTS ...................... 7

CONCLUSION......................................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*Kaley v. United States*, 134 S. Ct. 1090 (2014) ...............................................................6

*Marine Midland Bank, N.A. v. United States*, 11 F.3d 1119 (2d Cir. 1993) ..................6

*United States v. Any and All Funds on Deposit in Account Number 0139874788 at Regions Bank*,
    2015 WL 247391 (S.D.N.Y. Jan. 20, 2015) ............................................................ 6-7

*United States v. Bein*, 214 F.3d 408 (3d Cir. 2000) .........................................................7

*United States v. Dupree*, 781 F. Supp. 2d 115 (E.D.N.Y. 2011) .....................................6

*United States v. Gatson*, 2014 WL 7182275 (D. N.J. Dec. 16, 2014, *aff'd*, 744 F. App'x 97 (3d
    Cir. 2018) .................................................................................................................. 7-8

*United States v. Hills*, 2018 WL 1621088 (N.D. Ohio April 4, 2018) ............................4

*United States v. Stegemann*, 40 F. Supp. 3d 249 (N.D.N.Y. 2014, *aff'd in part, denied in part on
    other grounds*, 701 F. App'x 35 (2d Cir. 2017) ........................................................4

*United States v. Tahir*, 2016 WL 641342 (E.D. Mich. Feb. 18, 2016) ............................5

*United States v. Wetselaar*, 2013 WL 8206582 (D. Nevada Dec. 31, 2013) *adopting report and
    recommendation*, 2014 WL 1366722 (D. Nevada Apr 7, 2014) ...........................5

*United States v. Wommer*, 2011 WL 5117874 (D. Nevada Oct. 27, 2011) ....................5

## CONSTITUTIONS / STATUTES

U.S. Const., amend. 8 ............................................................................................................4, 5
18 U.S.C. § 317..........................................................................................................................2
18 U.S.C. § 981(a)(1)(C) .......................................................................................................2, 3
18 U.S.C. § 982(a)(1).............................................................................................................2, 3
18 U.S.C. § 1952........................................................................................................................2
18 U.S.C. § 1952(a)(1)...............................................................................................................3
18 U.S.C. § 1952(a)(3)...............................................................................................................3
18 U.S.C. § 1956........................................................................................................................2
18 U.S.C. § 1956(h) ...............................................................................................................2, 3
18 U.S.C. § 1960........................................................................................................................2
18 U.S.C. § 1960(a) ...................................................................................................................3
28 U.S.C. § 2461(c).................................................................................................................2, 3
31 U.S.C. § 5317(c)(1)(A) ......................................................................................................2, 3
31 U.S.C. § 5317(c)(2)............................................................................................................2, 3
31 U.S.C. § 5324........................................................................................................................2
31 U.S.C. § 5324(a)(1)...............................................................................................................3

31U.S.C. § 5324(a)(3)..................................................................................................3
31U.S.C. § 5324(b)(1) .................................................................................................3

**RULES**

Federal Rule of Civil Procedure 41(g)................................................................. 1, 4, 5

## PRELIMINARY STATEMENT

The United States of America (the "government") respectfully submits this memorandum in opposition to defendants Abdulrahman Khwaja's ("Khwaja") and Shikeba Rhamatzada's ("Rhamatzada") (collectively, the "Defendants") motion (1) to vacate, in whole or in part, the seizure warrants that authorized the government to seize funds from various bank accounts associated with the Defendants or entities related to the Defendants (the "Seized Bank Funds"); and (2) for the return of: (a) the Seized Bank Funds, (b) funds seized from 500 Smith Street, Farmingdale, New York (the "Smith Street Funds"), and (c) funds seized from safe deposit box number 24 located at Habib American Bank, 421 South Broadway, Hicksville, New York (the "Safe Deposit Funds") (collectively, the "Seized Funds"), pursuant to Federal Rule Criminal Procedure 41(g) ("Rule 41(g)") (the "Defendants' Motion"). Docket Entry ("DE") No. 185-7. As set forth below, the Defendants have failed to establish a legitimate legal basis to vacate the seizure warrants or for the return of the Seized Funds. Accordingly, the government respectfully requests that the Court dismiss the Defendants' motion in its entirety.

## PROCEDURAL BACKGROUND

On November 7, 2018, the government provided notice of its intent to forfeit funds from bank accounts held in the name of, *inter alia*, Abdulrahman S. Khwaja, Shikeba Rhamatazada, National Electronics, Inc., Ishan International, Inc., Isk Corporation, Solid Wireless, and Solid Electronics, in the criminal forfeiture allegations contained in the Indictment. *See* Declaration of Assistant United States Attorney Madeline O'Connor (the "O'Connor Decl."), Exhibit ("Exh.") A.

On November 13, 2018, the Honorable Anne Y. Shields, United States Magistrate Judge for the Eastern District of New York, issued a search and seizure warrant authorizing the search and seizure of, *inter alia*, currency, from 500 Smith Street, Farmingdale, New York, having found

1

probable cause to believe that the search would reveal evidence, fruits and instrumentalities relating to violations of: Title 18, United States Code, Section 317 (conspiracy to defraud the United States); Title 18, United States Code, Section 1956(h) (money laundering conspiracy); Title 18, United States Code, Section 1956 (money laundering); Title 18, United States Code, Section 1960 (unlicensed money remitting); Title 31, United States Code, Sections 5324 and 5331 (structuring and failure to file CTRs and Form 8300 reports); Title 18, United States Code, Section 1952 (interstate and foreign travel in aid of racketeering enterprises) (the "November 13, 2018 Search and Seizure Warrant"). *See* O'Connor Decl., Exh. B.

On November 14, 2018, Magistrate Judge Shields issued seizure warrants authorizing the seizure of the funds from the bank accounts held in the name of, *inter alia*, Abdulrahman S. Khwaja, Shikeba Rhamatazada, National Electronics, Inc., Ishan International, Inc., Isk Corporation, Solid Wireless, and Solid Electronics, i.e., the bank accounts that were listed in the criminal forfeiture allegations in the Indictment, having found probable cause to believe that the funds in those accounts are forfeitable pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 28, United States Code, Section 2461(c); and Title 31, United States Code, Sections 5317(c)(1)(A) and (c)(2) (the "November 14, 2018 Seizure Warrants").[1] *See* O'Connor Decl., Exh. C.

---

[1] Defendants fail to specifically identify the particular seizure warrants to which they object, but rather vaguely object to the "November 15, 2018 seizure warrants" that authorized the seizure of funds "possessed by Abdul Khwaja, Rhamatzada, and the businesses through which they operate – National Electronics, Ishan International, ISK, Solid Wireless and Solid Electronics." Defendants' Motion at p. 1. Nevertheless, the government has attached the seizure warrants issued on November 14, 2018 that authorized the seizure of funds from bank accounts held in the names of the Defendants or the entities National Electronics, Ishan International, ISK, Solid Wireless and Solid Electronics. *See* O'Connor Decl., Exh. C.

On November 20, 2018, the Honorable Gary R. Brown, United States Magistrate Judge for the Eastern District of New York, issued a search and seizure warrant authorizing the search and seizure of, *inter alia*, currency, from safe deposit box number 24 located at Habib American Bank, 421 South Broadway, Hicksville, New York, having found probable cause to believe that the search would reveal evidence, fruits and instrumentalities relating to violations of: Title 18, United States Code, Section 1956(h) (Conspiracy to Money Launder); Title 18, United States Code, Section 1960(a) (Operation of Unlicensed Money Transmitting Business); Title 31, United States Code, Section 5324(a)(1) (Causing the Failure to File Reports: CTRs); Title 31, United States Code, Section 5324(b)(1) (Causing the Failure to File Reports: IRS Forms 8300); Title 31, United States Code, Section 5324(a)(3) (Structuring Financial Transactions); and Title 18, United States Code, Sections 1952(a)(1) and (a)(3) (Interstate and Foreign Travel and Transportation in Aid of Racketeering Enterprises) (the "November 20, 2018 Search and Seizure Warrant"). *See* O'Connor Decl., Exh. D.

On January 2, 2019, Magistrate Judge Shields issued a seizure warrant authorizing the seizure of funds from M&T Bank account number 9873402888 held in the name of HAMD Associates LLC, having found probable cause to believe that the funds in that account are forfeitable pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1); Title 28, United States Code, Section 2461(c); and Title 31, United States Code, Sections 5317(c)(1)(A) and (c)(2) (the "January 2, 2019 Seizure Warrant"). *See* O'Connor Decl., Exh. E.

On March 21, 2019, the government filed a Bill of Particulars providing notice of its intent to seek the forfeiture of, *inter alia*, $9,000.00 that was seized on or about November 20, 2018 from Habib American Bank safe deposit box #24, pursuant to the November 20, 2018 Search and Seizure Warrant, and $15,901.00 that was seized on or about November 15, 2018 from HAMD

3

Associates LLC at 500 Smith Street, Farmingdale, New York, pursuant to the November 13, 2018 Search and Seizure Warrant. *See* O'Connor Decl., Exh F; DE 115.

On May 13, 2019, the government filed a Supplemental Bill of Particulars providing notice of its intent to seek the forfeiture of $91,048.90 that was seized on or about January 2, 2019 from M&T Bank Account number 9873402888 held in the name of HAMD Associates LLC, pursuant to the January 2, 2019 Seizure Warrant. *See* O'Connor Decl., Exh. G; DE 142.

## ARGUMENT

### POINT I

### DEFENDANTS FAIL TO ASSERT A LEGITIMATE LEGAL BASIS FOR THE VACATUR OF THE WARRANTS OR FOR THE RETURN OF THE SEIZED FUNDS

The Defendants seek the return of the Seized Funds without providing a legitimate legal basis for their request. Rule 41(g) and the 8th Amendment -- the only two bases that appear to be asserted in the Defendants' Motion -- are inapplicable at this stage of the criminal litigation.

#### A. Rule 41(g)

In their Preliminary Statement, Defendants assert that the basis for their motion for the return of the Seized Funds is Rule 41. *See* Defendants' Motion at p. 1. Notably, that is the only reference to Rule 41 in Defendants' Motion. Assuming, *arguendo*, that Defendants' passing reference to Rule 41 is the basis for their motion, the law is well settled that the "means of seeking return of . . . seized property" under Rule 41(g) "cannot be invoked . . . until the criminal proceedings *conclude*." *United States v. Stegemann*, 40 F. Supp. 3d 249, 264 (N.D.N.Y. 2014) (emphasis added) (citation omitted), *aff'd in part, denied in part on other grounds*, 701 F. App'x 35 (2d Cir. 2017) (summary order); *see also United States v. Hills*, 2018 WL 1621088, at *8 (N.D. Ohio April 4, 2018) (holding that where an indictment identifies the seized currency as subject to forfeiture, the defendant has "to wait and contest forfeiture at the end of the criminal proceedings");

4

*United States v. Tahir*, 2016 WL 641342, at *6 (E.D. Mich. Feb. 18, 2016) (denying defendant's request for return of property under Rule 41(g) when the government had filed a bill of particulars as to the property because "a Rule 41(g) motion is not appropriate" once "there is either a civil or criminal forfeiture procedure under way").

Here, Defendants admit that some of the Seized Funds were directly listed in the criminal forfeiture allegations of the Indictment filed on November 7, 2018, while others were added to the Indictment by way of Bills of Particular filed on March 21, 2019 and May 13, 2019, and, thus, the Seized Funds are subject to forfeiture in the criminal proceeding. *See* Defendants' Motion at pp. 7-8; O'Connor Decl., Exhs. A, F, G. Accordingly, Defendants' Motion seeking return of the Seized Funds pursuant to Rule 41(g) must be denied as Defendants must wait until the conclusion of the criminal proceedings to challenge the forfeiture of the Seized Funds.

### B. The Eighth Amendment

Although Defendants acknowledge that a challenge to a forfeiture on the basis of the Eighth Amendment is appropriately raised "**after trial**," Defendants' Motion at p. 29, they nevertheless request that the Court consider such a challenge at this stage in the case. *Id.* Notably, Defendants did not, and, indeed, could not, cite a single case to support their request. *See United States v. Wommer*, 2011 WL 5117874, at * 7 (D. Nevada Oct. 27, 2011) (holding that it is "legally premature" to entertain an Eighth Amendment challenge to forfeiture prior to the defendant's conviction); *United States v. Wetselaar*, 2013 WL 8206582, at *21 (D. Nevada Dec. 31, 2013) (noting that the defendant's pre-conviction Eighth Amendment challenge to the seizure of funds was "premature" because the defendant would "have an opportunity to challenge the requested forfeiture on Eighth Amendment grounds if he [were] convicted."), *adopting report and recommendation*, 2014 WL 1366722 (D. Nevada Apr 7, 2014). Accordingly, Defendants' premature challenge to the seizures on Eighth Amendment grounds must also be denied.

5

**POINT II**

**DEFENDANTS IGNORE THE FACT THAT PROBABLE CAUSE
FINDINGS WERE ALREADY MADE BY MAGISTRATE JUDGES**

The Defendants claim that that they are entitled to a probable cause finding for the seizure of the Seized Bank Funds is without merit. *See* Defendants' Motion at p. 24. As discussed *supra*, the Defendants have not asserted a legal basis to challenge probable cause. Moreover, even if they had, they plainly ignore the fact that two Magistrate Judges made independent probable cause findings that the Seized Bank Funds are subject to forfeiture when the seizure warrants that authorized the seizure of the Seized Bank Funds were issued.[2] In *United States v. Any and All Funds on Deposit in Account Number 0139874788 at Regions Bank*, 2015 WL 247391, at *13 (S.D.N.Y. Jan. 20, 2015), the district court denied claimants' motion for a probable cause hearing to challenge the government's seizure and retention of defendants *in rem* because -- like the instant case -- two magistrate judges already made probable cause determinations. The court reasoned:

> Here, with respect to all Defendants-in-rem except the Twenty–Eight Vehicles and the Eight Vehicles, a probable cause determination has been made by two magistrate judges. That the probable cause determination was made by two magistrate judges—and not by a grand jury—makes no difference to the analysis. Significantly, in [*Kaley v. United States*, 134 S. Ct. 1090 (2014)], the Supreme Court reaffirmed its endorsement of a probable cause determination made without recourse to "adversarial procedures." *Kaley*, 134 S. Ct. at 1103. Moreover, a determination of probable cause by a magistrate judge in this context is entitled to great deference. *See Marine Midland Bank, N.A. v. United States*, 11 F.3d 1119, 1125 (2d Cir. 1993) ("In reviewing seizure warrants, we accord great deference to the probable cause determinations made by the magistrates and judges who issue warrants; we resolve any doubts in favor of upholding warrants."). Consequently, the Court finds that Claimants "have no right to relitigate th[e] [probable cause] finding." *Kaley*, 134 S. Ct. at 1094; *see also United States v. Dupree*, 781 F. Supp. 2d 115, 133 (E.D.N.Y. 2011) ("[G]iven the deference to be accorded to the determination of magistrate

---

[2] Notably, in addition to the Magistrate Judges' probable cause findings that the Seized Bank Funds are subject to forfeiture, a grand jury also made a probable cause finding that the Defendants committed the charged crimes. *See* O'Connor Decl., Exh. A.

> judges ..., defendants' request for a hearing to determine whether the least restrictive means of securing the funds was used is denied.").

*Id.*, at *14.

Defendants' argument that the Seized Bank Funds constitute substitutes assets that may not be seized prior to trial is similarly flawed. *See* Defendants' Motion at pp. 21-24. Two Magistrate Judges have already determined that there is probable cause that the Seized Bank Funds constitute proceeds of Defendants' illegal activity, as well as property involved in Defendants' money laundering crimes and, thus, are not substitute assets. In sum, the probable cause determinations made by Magistrate Judges Shields and Brown should be given great deference, and Defendants' request for a redetermination of the probable cause for the seizure of the Seized Bank Funds should be denied.

## POINT III

### THE GOVERNMENT IS NOT REQUIRED TO OBTAIN SEIZURE WARRANTS FOR FORFEITABLE PROPERTY THAT IS BEING HELD PURSUANT TO SEARCH AND SEIZURE WARRANTS

The Smith Street Funds and Safe Deposit Funds -- the only funds of the Seized Funds that were not seized pursuant to seizure warrants in which Magistrate Judges determined that there is probable cause that the funds are forfeitable -- were seized pursuant to search and seizure warrants as "evidence, fruits, and instrumentalities" of multiple crimes, and are being held pursuant to those court issued warrants. *See* O'Connor Decl., Exhs. B, D. As such, the government is not required to obtain additional seizure warrants in order to retain the Smith Street Funds and Safe Deposit Funds and subsequently forfeit them. *See United States v. Bein*, 214 F.3d 408, 411 (3d Cir. 2000) ("It is well settled that the Government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, *unless* it is contraband or subject to forfeiture.") (emphasis added); *United States v. Gatson*, 2014 WL

7182275, at * 23-24 (D. N.J. Dec. 16, 2014) (stating that the government is not required to obtain an injunction or restraining order to preserve property for forfeiture when the property was seized during the defendant's arrest or pursuant to search warrants), *aff'd*, 744 F. App'x 97 (3d Cir. 2018).

## CONCLUSION

For the foregoing reasons, the government respectfully request that the Court deny Defendants' motion in its entirety and for such other and further relief as the Court deems just and proper.

RICHARD P. DONOGHUE
UNITED STATES ATTORNEY
Eastern District of New York
610 Federal Plaza
Central Islip, New York 11722


 /s/ Madeline O'Connor
MADELINE O'CONNOR
Assistant United States Attorney
(631) 715-7870